IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-4931 |
| v. ) | |
| ) | |
| THE VILLAGE OF TINLEY PARK, an ) | |
| Illinois Municipal Body; ORLAND ) | |
| TOWNSHIP, an Illinois Municipal Body; ) | |
| MICHAEL GLOTZ, an individual; and ) | |
| PAUL O'GRADY, an individual. ) | |

## COMPLAINT

Plaintiff, Robert Rita, for his Complaint against Defendants, the Village of Tinley Park, Orland Township, Michael Glotz, and Paul O'Grady, states as follows:

## NATURE OF THE CASE

1. This case involves the Defendants, Orland Township (the "Township"), the Village of Tinley Park (the "Village"), Village Mayor Michael Glotz ("Glotz"), and Township Supervisor Paul O'Grady's ("O'Grady", and together with the Township, the Village, and Glotz, the "Defendants")) continuous and systematic denial of Representative Rita's First Amendment right to free speech and his Fourteenth Amendment right to procedural due process. Over the course of the last twelve months, Representative Rita has applied for Village and Township Special Event Permits in order to attend and/or host various public, civic and community events located at public places in the Village and Township.

2. Representative Rita's attendance at these events is critical to provide him a public platform where can connect with his constituents and show his support for various community initiatives. His attendance also benefits members of the public by providing them with an open

1

and accessible means of creating a dialogue with Representative Rita and to ask him questions about various state initiatives.

3. Defendants have repeatedly denied Representative Rita's Special Event Permit applications, however, without sufficient justification and without a procedure Representative Rita can use to challenge the denial. Indeed, and despite the fact that Defendants have consistently granted Representative Rita's Special Event Permit applications in prior years, Defendants have dramatically changed course over the previous twelve months.

4. Indeed, in just the past twelve months, Defendants have denied three of Representative Rita's Special Event Permit applications. These denials have deprived Representative Rita of meaningful opportunities to express support for his constituents in the Village and Township communities.

5. Most recently, Defendants denied Representative Rita his request to participate in the Village's annual National Night Out Against Crime ("NNOAC") event. Representative Rita has been an avid proponent of this event and the cause it supports—generating support for the Village and Township's first responders—and has been permitted to attend in his State Representative capacity in every year in which the event has occurred since 2017.

6. This event is scheduled to take place on Tuesday, August 1, 2023. Representative Rita submitted his request months in advance, and was assured that his request had been granted in an email from the Village chief of police on June 12, 2023.

7. The Village thereafter changed course, however, and denied his application on July 25, 2023, a mere seven days before the 2023 NNOAC event was set to commence on August 1, 2023. In denying his application, the Village did not provide Representative Rita with any procedure to challenge the denial.

8. It is clear that the Defendants are conspiring to deprive Representative Rita of his First Amendment right to free speech and depriving him of his Fourteenth Amendment right to procedural due process.

## **PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff, Representative Rita, is a resident of Blue Island, Illinois and currently serves as a member of the Illinois House of Representatives for the 28th District.

10. Defendant, Orland Township, is a civil township and unit of local government organized pursuant to the laws of the State of Illinois.

11. Defendant, the Village of Tinley Park, is a unit of local government organized pursuant to the laws of the State of Illinois, and is within the auspices of Orland Township.

12. Defendant, Michael Glotz, is the current mayor of the Village of Tinley Park. On information and belief, Mr. Glotz resides in Tinley Park, Illinois.

13. Defendant, Paul O'Grady, is the current Orland Township Supervisor, and also serves as attorney for the Village of Tinley Park. On information and belief, Mr. O'Grady resides in the Village of Orland Park, Illinois.

14. This is a civil action seeking damages from Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of the rights, privileges and immunities guaranteed to Representative Rita by the First and Fourteenth Amendments to the Constitution of the United States of America. This Court therefore has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

15. A substantial portion of the activities giving rise to Representative Rita's claims occurred within the Northern District of Illinois. Venue therefore properly lies in this District.

## **FACTUAL BACKGROUND**

16. Mr. Rita is a member of the Illinois House of Representatives for the 28th District.

41921985.1

17. He has served as representative for the 28th District since January 8, 2003.

18. Mr. Rita's representative district includes parts of Chicago and several of its surrounding suburbs, including the Village and Township.

19. In Mr. Rita's role as an Illinois representative, it is imperative that Mr. Rita effectively communicate and engage with his constituents and the communities where they reside, such as the Village and the Township.

20. For this reason, Mr. Rita has made a consistent effort over the course of his political career to engage with his constituents.

21. Recently, however, the Village has embarked on a consistent and systematic campaign to shield Mr. Rita from meaningfully participating in various Village community events.

**Village National Night Out Against Crime Event – 2022**

22. On August 2, 2022, the Village was scheduled to host its annual NNOAC event.

23. According to the Village, the purpose of the event was "to meet and greet local law enforcement professionals, Public Works employees, firefighters, paramedics, Emergency Management Agency and 911 Center personnel, members of the Metra Police Department and the Cook and Will County Sheriff's Police, and representatives from local organizations and businesses."

24. Mr. Rita (in his State Representative capacity) had been a repeat participant in the NNOAC event over the course of several years.

25. Before the 2022 event, however, Mr. Rita received a call from a Village representative stating that Mr. Rita's office was not allowed to participate in the 2022 event.

26. No explanation was provided as to why—for the first time—Mr. Rita's office would not be allowed to participate.

27. Accordingly, Mr. Rita did not participate at the 2022 NNOAC event in his State Representative capacity.

**Village Shred Event – 2022**

28. The next month, on September 24, 2022, Representative Rita collaborated with the Township Highway Commissioner, the Cook County Commissioner, and the Tinley Park Park District to organize a Shred Event whereby they would gather commercial paper shredders at a central location and allow members of the community to bring their sensitive, personal papers and files for secure shredding and recycling.

29. The Shred Event also conducts recycling of electronic devices and the safe disposal of prescription medications, which provide a valuable benefit to Representative Rita's constituents.

30. Representative Rita had organized this event since before 2017.

31. For the 2022 Shred Event, the Village advised—for the first time in Representative Rita's involvement with the event—that it would require a Special Event Permit in order to allow the Shred Event to proceed.

32. By the time Representative Rita was informed of this requirement, he had already scheduled and promoted the event to Village residents.

33. Representative Rita then applied for the requisite Special Event Permit, but his application was denied on the grounds that "the Village is unable to secure adequate traffic control staffing[.]"

34. After being forced to reschedule the Shred Event to October 15, 2022 and going through the trouble of finding a new location, on September 20, 2022, Representative Rita applied for another Special Event Permit.

41921985.1

35. Six days later, the Village denied Representative Rita's second application, citing safety concerns and prior traffic control issues as the bases for the denial.

36. These alleged bases were wholly unsubstantiated and disingenuous, however, because Representative Rita's prior Shred Events had never posed any safety or traffic control issues.

37. Accordingly, Representative Rita did not host the 2022 Shred Event in his State Representative capacity, and the community was deprived of the benefits this event supplies.

**Township Pet Palooza Event – 2022**

38. Contemporaneously, Representative Rita was barred from participating in the 2022 Township Pet Palooza event.

39. Pet Palooza is an annual event in the Township designed to raise funds for the Township Pet Pantry.

40. Pet Palooza welcomes organizations, vendors, and exhibitors to set up tables at the event in exchange for a small donation.

41. Representative Rita had participated in this event in his capacity as State Representative since 2018, and submitted a completed application and sufficient donation to set up a table at the 2022 event.

42. Representative Rita's application was denied, however, allegedly because the 2022 iteration of Pet Palooza would not be "accepting any vendors affiliated with politics."

43. Representative Rita later clarified that his attendance was not "politics" but that he was intending to appear as a representative of the community.

44. The Pet Palooza space rental application did not state that political figures were prohibiting from applying.

45. Rather, it stated that any "organizations," "vendors," or "exhibitors" may obtain a table by submitting a completed application and making the requisite donation.

46. The application does not say that any particular category of organization, vendor, or exhibitor is precluded from applying.

47. Upon inquiring into the reason(s) for the Township's denial of his request to participate, outside counsel for the Village and the Township sent Mr. Rita a letter falsely claiming that he had threatened and attempted to intimidate Township Administrator Lindsay Trost ("Trost") when he was at the Township Administrative Center on September 22, 2022 to drop off the Pet Palooza application, fee, and signed waiver.

48. This accusation was completely false and therefore could not constitute a reasonable basis for Mr. Rita's denial from participating at the event.

49. Representative Rita never once threatened or attempted to intimidate Trost with respect to his Pet Palooza application.

**Village Halloween "Boo Bash" Event – 2022**

50. Finally, the Village was scheduled to host its annual Halloween Boo Bash on October 30, 2022.

51. Representative Rita had attended this event in his official State Representative capacity since 2018 (with the exception of 2020 due to the onset of the COVID-19 pandemic).

52. On September 29, 2022 Representative Rita submitted an application to set up a tent and table at the event in order to provide Village resident attendees with information about Representative Rita, and to give him a platform on which to connect with his constituents.

53. On October 5, 2022, Representative Rita was told that he would not be allowed a tent or table at the event because he constituted a "political group" rather than a local business.

54. Between the 2022 NNOAC event, the 2022 Shred Event, and the 2022 Boo Bash, the Village and Township have displayed a history of barring Representative Rita from participating in public community events in his State Representative capacity, and have wholly failed to justify their denials, or, justified their efforts through false or fabricated excuses.

55. Moreover, other government officials were permitted to attend these events notwithstanding Representative Rita's denial, including the Park District, School District, Sheriff's Office, and various of their representatives.

**National Night Out Against Crime 2023**

56. Against this backdrop, Representative Rita recently Defendants of his intent to appear at and participate in the 2023 edition of the NNOAC event.

57. The Village Police Department is scheduled to host the NNOAC event on August 1, 2023 at Freedom Park located at 7835 Timber Drive in the Village.

58. The event, which is promoted on the Village's website, provides attendees the opportunity to "meet and greet members of Tinley Park's Police Department, Fire Department, Emergency Management Agency and Public Works Department . . ."

59. The event is further described as "promot[ing] police-community partnerships and neighborhood camaraderie to make our neighborhoods safer," according to the National Association of Town Watch, the organization that founded the annual event in 1984.

60. The event reportedly will include "visits with personnel from Tinley Park Police, firefighters, public works, Cook and Will County Sheriff's officers, Drug Enforcement Administration, Emergency Management Association, and 911 Center, in addition to Metra police. Representatives from local organizations, businesses, churches and schools will also be present."

8

61. The annual NNOAC event provides Representative Rita one of his most important means to show support for these important causes and to communicate to his constituents his commitment to their safety and the safety of their communities.

62. On June 12, 2023, weeks after notifying Defendants of his intent to participate in the 2023 NNOAC event, State Representative Rita sent an email to Matthew Walsh, the Village Chief of Police ("Chief Walsh"), stating as follows:

> Every year my office participates in [NNOAC event] throughout the 28th District, providing state-related information to constituents. My office has attempted to contact the Tinley Park Police Department to inquire [a]bout participating in this event in my official capacity as State Representative but has yet to get a response. May you please provide a status on this request?

63. That same day, at 2:24 p.m., Chief Walsh replied to Representative Rita via email and stated:

> I had approved your participation and I am not sure if the message had been conveyed. Your office has always participated in the past and I can safely assume in the future. The Tinley Park Police Department appreciates your continued support.

64. Representative Rita felt comforted by Chief Walsh's response and believed his participation would be permitted—as it had in prior years.

65. Subsequently, on July 25, 2023, Chief Walsh sent an email to Representative Rita in which he reversed his decision from June 12, 2023 approving Representative Rita's participation. The email provided, in relevant part, as follows:

> I know that I had originally agreed to allow participation in the Annual [NNOAC event]; however, After careful consideration I will have to deny your request. [NNOAC] is an event to honor law enforcement and I respectfully request that we refrain from any politics.

66. The unexpected reversal in position from Chief Walsh is the most recent in a series of rejected applications by the Village in which Representative Rita has been denied the opportunity to participate in special events hosted by the Village on public property.

67. Further, and on information and belief, Glotz and O'Grady directly instructed Chief Walsh to deny Representative Rita's application.

68. Representative Rita's belief that Glotz was behind the denial is supported by the fact that at a recent meeting, Glotz told Representative Rita that he could not attend because he is a political figure.

69. That fact that Glotz provided Representative Rita with the same reasoning as Chief Walsh creates an inference that the denial was done at Glotz's direction.

70. Indeed, the Village has demonstrated a pattern of arbitrarily denying Representative Rita's participation in events without a legitimate basis.

71. This has prohibited Representative Rita from being able to meet with his constituents, listen to their issues and concerns, and provide them meaningful representation.

72. Moreover, the Village did not provide Representative Rita with any recourse upon denial of his request, such as the opportunity to submit a written response or appeal or the opportunity to request a hearing.

73. Any procedure available to Representative Rita under the Village's ordinances were rendered meaningless by the extremely short notice given to Representative Rita.

### Count I – Violation of 42 U.S.C. 1983 – Violation of First Amendment
### (All Defendants)

74. Representative Rita hereby incorporates paragraphs 1 through 73 set forth above as if fully set forth herein.

75. The First Amendment to the United States Constitution provides that the federal government shall not abridge its citizens' freedom of speech.

76. The Fourteenth Amendment to the United States Constitution extends the prohibition of the First Amendment to the States, guaranteeing that the State of Illinois shall similarly prohibit depriving its citizens of their First Amendment freedom of speech.

77. 42 U.S.C. § 1983 provides for a civil action for deprivation of rights against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the constitution."

78. The statute thus provides a remedy for violations of federal rights committed by persons acting under color of state law.

79. A municipality is considered a person under 42 U.S.C. § 1983 and may be held liable for its own violations of the federal Constitution and laws.

80. At all times relevant, Defendants the Village and the Township were municipalities and Defendants Glotz and O'Grady were agents of their respective municipalities with final policymaking authority.

81. By consistently denying Representative Rita's requests to attend or host community event, the Defendants have unlawfully deprived Representative Rita of his First Amendment right to freedom of speech.

82. The 2023 NNOAC event is a public event.

83. Further, the NNOAC event is scheduled to take place in Freedom Park, a public gathering place located within the Village.

84. Representative Rita submitted a timely and complete request to participate in the 2023 NNOAC event.

85. By denying Representative Rita's request, Defendants are depriving Representative Rita of the meaningful ability to communicate to his constituents his support for the Village and Township first responders.

86. This deprivation amounts to a violation of Representative Rita's First Amendment right to freedom of speech.

87. Defendants' actions also violate the First Amendment free speech rights of the public attending the 2023 NNOAC event by barring them from speaking with Representative Rita—their elected State representative to the Illinois House of Representatives—from speaking with Representative Rita at a public event in a public forum about pressing matters affecting the public at large.

88. Representative Rita is therefore entitled to an injunction ordering the Defendants to approve his participation request for the 2023 NNOAC event.

WHEREFORE, Plaintiff, Representative Robert Rita, prays that this Court enter judgment in Plaintiff's favor and that the Court grant him the following relief:

1) Declare that the Defendants named in this count have violated 42 U.S.C. 1983 and the free speech rights of Plaintiff under the First Amendment to the United States Constitution;

2) Enter a preliminary and permanent injunction against the Defendants named in this count enjoining them from prohibiting Plaintiff from attending the 2023 NNOAC event, and further enjoining them from violating Plaintiff's First Amendment rights in the future; and

3) For such other relief as the Court deems just and proper.

**Count II – Violation of 42 U.S.C. 1983 – Violation of Fourteenth Amendment Right to Procedural Due Process (All Defendants)**

89. Representative Rita hereby incorporates paragraphs 1 through 88 set forth above as if fully set forth herein.

90. The Fourteenth Amendment to the United States Constitution ensures that no citizen shall be deprived of a property interest without due process of law.

91. Due process in this context means reasonable notice and the opportunity to be heard.

92. The Fourteenth Amendment to the United States Constitution further extends its language to the States, guaranteeing that the State of Illinois shall similarly prohibit depriving its citizens of their right to due process of law.

93. 42 U.S.C. § 1983 provides for a civil action for deprivation of rights against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the constitution."

94. The statute thus provides a remedy for violations of federal rights committed by persons acting under color of state law.

95. A municipality is considered a person under 42 U.S.C. § 1983 and may be held liable for its own violations of the federal Constitution and laws.

96. At all times relevant, Defendants the Village and the Township were municipalities and Defendants Glotz and O'Grady were agents of their respective municipalities with final policymaking authority.

97. On June 12, 2023, Village Chief Walsh informed Representative Rita that his request to participate at the 2023 NNOAC event had been approved.

98. This approval conferred on Representative Rita the right to attend the 2023 NNOAC event in his State Representative capacity.

99. That right constitutes a protectible property interest which the Village could not deprive him of without sufficient procedural due process.

100. Further, Representative Rita was not provided with any procedure to challenge the denial of his request, and any procedure would have been futile given the fact that the denial was communicated to him only seven days prior to the event date.

101. Representative Rita therefore does not have meaningful access to any appeal procedures because they will not be able to resolved in time for the 2023 NNOAC event.

102. Further, proceeding toward the appeal process would therefore be futile and would fail to time afford Representative Rita the relief he is entitled to.

103. By denying Representative Rita his right to attend and participate in the 2023 NNOAC event with such notice—despite having previously informed Representative Rita that his application had been approved—Defendants have deprived Representative Rita of a protectible property interest without affording him sufficient procedural due process.

WHEREFORE, Plaintiff, Representative Robert Rita, prays that this Court enter judgment in Plaintiff's favor and that the Court grant him the following relief:

1) Declare that the Defendants named in this count have violated 42 U.S.C. 1983 and the procedural due process rights of Plaintiff under the Fourteenth Amendment to the United States Constitution;

2) Enter a preliminary and permanent injunction against the Defendants named in this count enjoining them from barring Representative Rita from attending or hosting community events in the future without sufficient procedural due process; and

3) For such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Robert Rita demands a trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      ROBERT RITA,

                                      */s/ Nancy DePodesta*
                                      One of his Attorneys

Nancy DePodesta
Nancy.Depodesta@saul.com
Thomas A. Laser
Tom.Laser@saul.com
Saul Ewing LLP
161 N. Clark St., Ste. 4200
Chicago, Illinois 60601
Phone: (312)876-7100