IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-04931 |
| v. | ) |
| | ) |
| THE VILLAGE OF TINLEY PARK, an Illinois Municipal Body; ORLAND TOWNSHIP, an Illinois Municipal Body; MICHAEL GLOTZ, an individual; and PAUL O'GRADY, an individual, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE**

Plaintiff, Representative Robert Rita ("Representative Rita"), by and through his attorneys, Nancy DePodesta, George P. Apostolides and Thomas A. Laser of Saul Ewing LLP, for his Motion for Rule to Show Cause, states as follows:

**INTRODUCTION**

The need to file this Motion arises because the Village of Tinley Park (the "Village") allowed its counsel to make false statements of fact to this Court and then failed to take any action to correct those falsities. By way of background, Representative Rita requested that the Village allow him to set up a booth at the Village's National Night Out Against Crime event ("NNOAC") in order to engage with his constituents at the event and to show his support for local first responders. The Village initially approved his attendance, but changed course only days before the event claiming the event was not about politics. Representative Rita brought a TRO to allow his attendance and at the hearing, the Village retreated from its previous position of non-attendance, but doubled-down on its assertion that the event was not about politics, telling this Court that *no* politicians would be setting up booths at the event; thereby leading, at least in part, to the denial

of the TRO. However, at the event, just four days after the hearing, at least two politicians were permitted by the Village to set up booths at the event. Although counsel for the Village may not have known that the statements were false, the Village certainly did and its representative in attendance at the hearing did nothing to correct the record nor did the Village subsequently do anything, apparently content for the misstatement made on its behalf to be the record in the case. Accordingly, Representative Rita is compelled to bring this Motion to require the Village to show cause why it should not be held in contempt and sanctioned for permitting the event to proceed in a way completely contrary to how it was represented to this Court just days before.

## BACKGROUND

On July 28, 2023, Representative Rita filed his Complaint (Dkt. #1) and Emergency Motion for Temporary Restraining Order (the "TRO") (Dkt. #4). Representative Rita's TRO sought to enjoin the Village, Village Mayor Michael Glotz ("Glotz"), Orland Township (the "Township"), and Paul O'Grady ("O'Grady", and together with the Village, Glotz, and the Township, the "Defendants") from prohibiting Representative Rita from attending a public event, NNOAC, which took place at Freedom Park—a public park and event venue in the Village—on August 1, 2023. (Dkt. #4, p. 2).

As explained in the TRO, Representative Rita (in his State Representative capacity) had been a repeat participant at the public NNOAC event, and other events in the prior years, until 2022 when the Village told him he would not be allowed to participate at the NNOAC in his official capacity. (Dkt. #4). For the 2023 NNOAC event, Representative Rita was told by the Village's Chief of Police, Matthew Walsh, that he had been approved to participate. *Id*. at 7-8. Subsequently, on July 25, 2023, just a week before the event, Chief Walsh sent an email to Representative Rita in which he reversed his earlier decision approving Representative Rita's

2

participation. *Id*. at 8. Chief Walsh stated that NNOAC was intended to support local first responders, and that event organizers requested to "refrain from any politics." *Id*.

The Court, specifically Hon. Manish S. Shah in his capacity as the emergency judge, held a hearing on Representative Rita's TRO on July 28, 2023. At the hearing, Plaintiff's counsel explained that Representative Rita wanted to participate at the NNOAC event, in his official representative capacity, with a table or booth. *See* Transcript of July 28, 2023 TRO Hearing, at 6:8-12, attached as **Exhibit A**. In response, Patrick Walsh, counsel for the Village and Glotz, *with multiple Village representatives in attendance,* stated that Representative Rita was welcome to attend, but "there are no other politicians that are setting up booths or doing anything like that." Ex. A, at 9:9-12. Later at the hearing, Mr. Walsh, *again with several Village representatives in attendance,* stated that Representative Rita "would have the same rights to engage in political speech as any elected official that chose to attend" (Ex. A, at 12:4-9), but that Representative Rita was not "permitted to bring a table." Ex. A, at 12:10-12.

Subsequent to the hearing, the Court denied Representative Rita's TRO, at least in part, due to the above representations made at the hearing. Ex. A, at 15:7-10; Dkt. #11. These representations, however, turned out to be false.

Representative Rita attended the NNOAC event on August 1, 2023. *See* Declaration of Representative Rita, ¶ 2 attached as **Exhibit B**. While attending the event, a photographer hired by Representative Rita took pictures of different multiple booths set up around Freedom Park. Ex. B, ¶ 3. These pictures show that at least one other state politician had a table/booth, and a local commissioner also had a table/booth. Specifically, the pictures show that state senator Michael E. Hastings and Orland Township Highway Department Commissioner Antonio Rubio both had

3

tables at the event. Ex. B, ¶¶ 4-5. These pictures are attached to Representative Rita's Declaration as Exhibit 1, and demonstrate the falsity of the Village's representations at the TRO hearing.

## ARGUMENT

This Court should issue a rule to show cause as to why the Village should not be sanctioned for idly sitting by while false statements were made and then compounding its inaction by failing to later correct such falsities on the record.

Rule 11(b) governs, among other things, representations to the court and requires attorneys to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "This rule imposes an affirmative duty of reasonable investigation on an attorney signing any paper, but recognizes that what constitutes a reasonable pre-filing investigation depends on the circumstances of each case. *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 180 (N.D. Ill. 2014) (citing *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223, 255 (7th Cir. 1990)).

Similarly, Model Rule 3.3 — which the Northern District of Illinois has adopted, (N.D. Ill. LR 83.50) — prohibits attorneys from knowingly making false statements to the court, *Mullen v. GLV, Inc.*, 334 F.R.D. 656, 665 (N.D. Ill. 2020). Rule 3.3 states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Model Rule 3.3 (a)(1).

Although the above described duties are generally those of attorneys, where – as here – a party allows its attorney to make misstatements either intentionally or because of a lack of information and then does nothing to correct such misstatement, thereby enjoying a favorable

ruling, the party's failure to act is sanctionable. *See generally, Chambers v. Nasco*, 501 U.S. 32 (1991). This duty to correct continues after the original representation was made. *See Dou v. Carillon Tower/Chicago LP*, No. 18 CV 7865, 2023 WL 3995560, at *4 (N.D. Ill. Apr. 7, 2023) ("should attorneys learn post-filing that a material representation was false, they must correct it."). "Misrepresentations are sanctionable under Model Rule 3.3 where the party willfully abused the judicial process or otherwise conducted litigation in bad faith" whether in a filing or during a court proceeding. *Id*.

Here, the Village through its counsel, in arguing against the TRO, specifically represented that "no other politicians [] are setting up booths or doing anything like that." Ex. A, at 9:9-12. We know, however, that this representation was false. At least two other politicians had booths at the NNOAC event. Accordingly, this Court should issue a show cause order, requiring the Village to show cause why it should not be held in contempt and sanctioned for permitting the NNOAC event to proceed in a way completely contrary to how it was represented to this Court just days before, and award Representative Rita his attorneys' fees expended in filing the TRO and in filing the instant Motion.

WHEREFORE, Plaintiff, Representative Rita, respectfully requests this Court grant his Motion for Rule to Show Cause, issue a show cause order, hold Defendant, the Village of Tinley Park, in contempt for permitting the event to proceed in a way completely contrary to how it was represented to this Court just days before, award Representative Rita his attorneys' fees, and grant him such other and further relief as this Court deems just.

Date: September 20, 2023                                  Respectfully submitted,

                                                                           ROBERT RITA,

                                                          By: *Nancy DePodesta*
                                                                    One of His Attorneys

Nancy DePodesta (nancy.depodesta@saul.com)
George P. Apostolides (george.apostolides@saul.com)
Thomas A. Laser (tom.laser@saul.com)
Saul Ewing LLP
161 N. Clark St., Ste. 4200
Chicago, Illinois 60601
Phone: (312) 876-7100

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he caused the foregoing document to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Laser*
One of his Attorneys
