# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT RITA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-04931 |
| ) | |
| VILLAGE OF TINLEY PARK, an ) | Hon. John J. Tharp, Jr. |
| Illinois Municipal Body; ORLAND ) | |
| TOWNSHIP, and Illinois Municipal Body; ) | |
| MICHAEL GLOTZ, an individual; and ) | |
| and PAUL O'GRADY, an individual, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS VILLAGE OF TINLEY PARK AND MICHAEL GLOTZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE

NOW COME the Defendants, VILLAGE OF TINELY PARK and MICHAEL GLOTZ, by and through their attorneys Griffin Williams McMahon & Walsh, LLP, and respond in opposition to Plaintiff's Motion for Rule to Show Cause as follows:

### BACKGROUND

Robert Rita ("Mr. Rita") is an Illinois state representative and frequent agitator in south suburban politics. As an example, he was recently accused of committing assault against Defendant Paul O'Grady. See Exhibit 1, South Cook News at "ORLAND PARK POLICE: STATE REP. RITA ACCUSED OF ASSAULTING ORLAND TOWNSHIP SUPERVISOR O'GRADY," October 17, 2023, at https://southcooknews.com/stories/650304288-orland-park-police-state-rep-rita-accused-of-assaulting-orland-township supervisor-o-grady (last visited October 18, 2023). On July 28, 2023, Mr. Rita filed an Emergency Motion for a Temporary

Restraining Order ("TRO") asserting that his First Amendment Rights could be impacted if he were not permitted to set up a table at the Village of Tinley Park's ("the Village") "National Night Out" in his "official capacity" as opposed to speaking with constituents without a dedicated table. Judge Manish Shah held a hearing and denied the TRO. Judge Shah concluded "that the likelihood of success on a claim that the First Amendment requires the Village to allow plaintiff to have a table is not strong. Applying the sliding scale approach to injunctive relief, this court concludes (again on a very limited record) that the harm to the Village that comes from compelling it to endorse plaintiff's speech outweighs the harm to plaintiff. Plaintiff is allowed to attend the event, speak to his constituents there, and express his views." Dkt. # 11. Mr. Rita ultimately attended the event, spoke to his constituents and, presumably, expressed his views.

Mr. Rita has now filed a "Motion for Rule to Show Cause" why Defendants should not be held in contempt and sanctioned for making "false statements of fact" with respect to whether the Village allowed other politicians to set up tables at the event. As explained more fully below, the Village Defendants were truthful at all times and did not invite any politicians to set up a table at the National Night Out. Mr. Rita asserts that Rule 11 is implicated even though Defednants have not filed or signed any documents other than appearances. He claims the Village violated Model Rule 3.3 even though Model Rule 3.3 applies to lawyers, not litigants. Mr. Rita's frivolous motion is comprised of allegations against the Village Defendants and Defense Counsel that are unsupported by law or fact.

## FACTS

On July 28, 2023, Mr. Rita filed an "Emergency Motion for a Temporary Restraining Order," asserting that his First Amendment rights could be implicated if he were not permitted

2

to set up a table at the Village's "National Night Out" in his "official capacity" as opposed to speaking with constituents without a dedicated table. Dkt. # 4. Judge Shah did not find that the First Amendment required the Village to allow Mr. Rita to set up a table at the event and denied the motion. Dkt. # 11. In his motion for rule, Counsel for Mr. Rita asserts that Judge Shah's ruling was based on statements characterized as "false" including "there are no other politicians that are setting up booths or doing anything like that," Mr. Rita "would have the same rights to engage in political speech as any elected official that chose to attend," and Mr. Rita was not "permitted to bring a table." Motion for Rule to Show Cause at Page 3 ("Mot. at 3") citing Exhibit 2, Transcript of Proceedings of July 28, 2023, at 9:9-12 ("Transcript 9:9-12"); Transcript 12:4-9; 12:10-12.

Mr. Rita attended National Night Out with a "hired photographer." Mot. at 3. According to Mr. Rita, the photographer captured gratuitous photos of "at least one other state politician" and a "local commissioner," each of whom had a table at the event. Mot. at 3 ¶ 3. Mr. Rita neglected to inform the Court that the "local commissioner" is *his son-in-law*, Antonio Rubino, and the "state politician" was Mr. Rita's political compatriot Michael Hastings. See Exhibit 3, South Cook News, "ORLAND TOWNSHIP HIGHWAY COMMISSIONER ANTONIO RUBINO HOLDS MULTIPLE PART-TIME JOBS, INCLUDING WITH VIDEO GAMBLING COMPANY AND PRIVATE SECURITY FIRM," September 30, 2023, at https://southcooknews.com/stories/649979680-orland-township-highway-commissioner-antonio-rubino-holds-multiple-part-time-jobs-including-with-video-gambling-company-and-private security-firm (last visited October 18, 2023). Mr. Hastings is also a political ally of Mr. Rita and Mr. Rubino. Exhibit 4, Hastings/Rubino Promotional Material. Mr. Rita hastily concludes that Mr. Hastings and Mr. Rubino's presence at the event with tables must have been known to the

3

Village Defendants as of July 28, 2023, without any facts to support that conclusion. It was not known to the Village Defendants, but it was apparently known to Plaintiff's Counsel ("Your Honor, it's my understanding that other elected officials have been granted the opportunity to attend in their official capacities…"). Exhibit 2 at 8:8-13.

Mr. Rubino was not present at the event as a politician. Mr. Rubino was at the event as part of the Orland Township Highway Department, for which he serves a commissioner. See Exhibit 5, Photo of Antonio Rubino at the Orland Township Highway Department Table. The Orland Township Highway Department participated in the event because of its connection to law enforcement and the National Night Out's mission to foster community relations with law enforcement. As a participant, the Orland Township Highway Department was permitted to set up a table for that purpose. Mr. Rubino did not set up a table as a "politician" as Mr. Rita would have this Court believe.

Mr. Hastings arrived at National Night Out without receiving permission from the Village to set up a table. See Exhibit 6, Affidavit of Village of Tinley Park Mayor Michael Glotz. Mr. Hastings did not notify Village officials in advance of his intent to set up a table and the Village received no other forewarning that Mr. Hastings would set up a table at the event. *Id*. Mr. Hastings set up a table without permission in what was likely a "photo op" for Mr. Rita's hired photographer. *Id*.; Exhibit 7, Mr. Hastings at National Night Out. Mayor Glotz and Village Manager Patrick Carr ("Mr. Carr") were notified of Mr. Hastings' presence at the event shortly after he set up his table. Exhibit 8, Affidavit of Patrick Carr. Mr. Carr directed the Village's chief of police to ask Mr. Hastings to remove the table because he did not have permission to set up a table at the event. *Id.* The chief of police refused to ask Mr. Hastings to remove the table because he did not want to cause a public scene at an event that

is geared toward families and children. *Id.* However, the Village did not allow, sanction or condone Mr. Hastings having a table at the event. *Id.*

## ARGUMENT

Mr. Rita claims that the Village Defendants made false statements during the July 28, 2023, hearing on his TRO and the statements implicate Rule 11 and Model Rule 3.3. Mot. at 4. Putting aside that neither the Village Defendants nor Counsel for the Village made any false statements, Mr. Rita's allegations have no basis in law or fact. With respect to the law, Mr. Rita asserts that the Village Defendants' oral arguments implicate Rule 11. Mot. at 4. Federal Rule of Civil Procedure 11 provides in relevant part: "(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name…(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed R. Civ. Proc. 11.

"Rule 11 provides for sanctions when a person *signs a paper* 'in violation of this rule.' This language focuses on the initial signing; Rule 11 does not impose a continuing duty to update or correct papers that did not violate the rule when signed or filed." *Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir. 1990) (emphasis added). Oral argument on its own does not implicate Rule 11. Ironically, it was Plaintiff's Counsel who had a duty to research

Rule 11's signature requirement before seeking sanctions pursuant to Rule 11. Fed. R. Civ. Proc 11(b). Even a cursory reading of Rule 11's title makes the signature requirement clear.

Even if Rule 11 was implicated, which it is not, there is also no basis in fact to hold the Village in contempt or to issue sanctions. There is no evidence in the record (or anywhere else) that the Village knew Mr. Hastings would put up a table at the event or that Mr. Rubino would be present in any capacity other than as a commissioner of the Orland Township Highway Department. It is more plausible that Mr. Rita knew his son-in-law would be present, that Mr. Hastings planned to set up a table without permission, and brought his hired photographer to document the stunt. In other words, if the Village removed Mr. Hastings' table, it would have created a compelling photo op. If his table was not removed, Mr. Rita could claim, and he now claims, that Mr. Hastings was permitted to set up a table. This was political gamesmanship that has metastasized into this case.

Mr. Rita also asserts that the Village violated Model Rule 3.3, as adopted in Local Rule 83.50, when "the Village through its counsel, in arguing against the TRO, specifically represented that 'no other politicians [] are setting up booths or doing anything like that." Mot. at 5. LR 83.50 provides:

> "Rules of Professional Conduct. Applicable disciplinary rules are the Model Rules adopted by the American Bar Association. On any matter not addressed by the ABA Model Rules or for which the ABA Model Rules are inconsistent with the Rules of Professional Conduct, a lawyer admitted to practice in Illinois is governed by the Illinois Rules of Professional Conduct, as adopted by the Illinois Supreme Court, and a lawyer not admitted to practice in Illinois is bound by the Rules of Professional Conduct for the state in which the lawyer's principal office is located." LR 83.50.

Again, putting aside that the Village Defendants' representations were truthful, Model Rule 3.3 creates a duty in lawyers, not litigants. *Dou v. Carillon Tower/Chicago LP*, No. 18

6

CV 7865, 2023 U.S. Dist. LEXIS 105690, at *13-14 (N.D. Ill. Apr. 7, 2023). Notwithstanding, the Village Defendants did not allow any misstatements to be made to the Court or violate a duty to correct. Respectfully, the Village and its Counsel exhibited candor before the Court at all times. Mr. Hastings' unauthorized conduct at the event did not give rise to a duty to correct because it was not evidence that the Village permitted any politician to set up a table at the event. In hindsight, it is only evidence of a scheme to portray the Village in a false light to this Court.

## CONCLUSION

Mr. Rita asks this Court to issue a rule to show cause and sanction the Village of Tinley Park because it did not notify the Court during the July 28, 2023, oral argument on his TRO that Mr. Hastings was going to set up a table at National Night Out or that Mr. Rubino would be acting in a capacity other than highway commissioner. Mr. Rita asks the Court to do so without identifying any evidence to support that the Village knew Mr. Hastings would set up a table at National Night Out or that Mr. Rubino would act in a capacity other than highway commissioner (he never did). Mr. Rita further asks the Court to sanction the Village because it did not notify the Court after August 1, 2023, that Mr. Hastings entered the event with a table, without permission to do so, and at a time the Village had not been served with process in this case. Mr. Rita obviously has an axe to grind with the Village and is using this Court as his personal grindstone. Respectfully, his motion should be denied. To the extent the Court finds his motion is violative of Rule 11, the Village Defendants submit that he should be required to reimburse the Village for the attorney fees required to respond to his motion.

WHEREFORE, Defendants VILLAGE OF TINELY PARK and MICHAEL GLOTZ, respectfully pray that this Honorable Court enter an order denying the motion for rule and for any other relief the Court deems appropriate.

                                Respectfully submitted,

                                GRIFFIN WILLIAMS
                                MCMAHON & WALSH, LLP

                                By: */s/ Patrick J. Walsh,*
                                       Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
GRIFFIN WILLIAMS
MCMAHON & WALSH, LLP
21 N. Fourth Street
Geneva, Illinois 60134
Phone: (630) 457-4242
Email: pwalsh@gmwlaw.com
ARDC No. 6287629