# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT RITA, | ) |
|       Plaintiff, | ) |
| | ) Case No. 1:23-cv-04931 |
| v. | ) |
| | ) |
| THE VILLAGE OF TINLEY PARK, an Illinois Municipal Body; ORLAND TOWNSHIP, an Illinois Municipal Body; MICHAEL GLOTZ, an individual; and PAUL O'GRADY, an individual. | ) |
|       Defendants. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RULE TO SHOW CAUSE

Plaintiff, Representative Robert Rita, by and through his attorneys, Nancy DePodesta, George P. Apostolides and Thomas A. Laser of Saul Ewing LLP, for his Reply in Support of Motion for Rule to Show Cause, states as follows:

## INTRODUCTION

The Court should issue a rule to show cause against the Village[1] for failing to correct serious misstatements of fact which it knowingly permitted its counsel to make at the July 28, 2023 hearing on Representative Rita's TRO. By its response, the Village argues (a) it was not aware that other politicians would be bringing tables to the 2023 NNOAC event, and thus, its representations at the TRO hearing were truthful, and (b) even if the Village's representations during the TRO hearing were false, Rule 11 and Model Rule 3.3 do not apply to attorney statements made orally at a hearing. The Village is wrong on both points.

---

[1] Capitalized terms herein shall have the same meaning set forth in Representative Rita's September 20, 2023 Motion for Rule to Show Cause. (Dkt. #24).

***First***, as set forth herein, the Village was aware that Senator Michael Hastings—an elected official holding the title of State Senator for the geographic territory encompassing the Village—intended to attend the NNOAC event in his official capacity and set up a table and tent at the event. Indeed, Village Administrator Patrick Carr ("Carr") expressly told Senator Hastings on July 28, 2023 that he was permitted to attend NNOAC in his official capacity and to set up a table and tent. The Village's lack of knowledge argument is therefore completely false.

***Second***, the Village construes its counsel's representations from the TRO hearing too narrowly. While the Village's arguments in its response and its affidavits attached thereto focus on whether it knew other elected officials were bringing tables and/or booths to NNOAC, the Village also represented at the TRO hearing that Representative Rita "would have the same rights to engage in political speech as any elected official that chose to attend[.]" Clearly, other elected officials (such as Senator Hastings) informed the Village of their intention to attend NNOAC and ultimately set up tables or booths at the event. Representative Rita, on the other hand, was expressly prohibited from doing the exact same thing, and was therefore not afforded the same rights as other elected officials.

***Third***, the Village's insinuation that Orland Township Highway Commissioner Antonio Rubino ("Commissioner Rubino") only set up a table at NNOAC because he was directed to do so by Representative Rita, his father-in-law, is purely speculation and conspiracy. Representative Rita did not direct Commissioner Rubino or any other politician to attend NNOAC and set up a table.

***Fourth***, the Village is incorrect that neither Rule 11 nor Model Rule 3.3 apply to attorney statements made at a hearing. It is well-established that an attorney has an affirmative duty to correct misstatements of fact made on the record, especially where those statements resulted—at

2

least in part—in the denial of Representative Rita's TRO. For these reasons, and the reasons discussed below, the Court should grant Representative Rita's Motion for Rule to Show Cause.

## BACKGROUND

Representative Rita filed his Complaint (Dkt. #1) and TRO (Dkt. #4) on July 28, 2023 seeking to enjoin the Village, Village Mayor Glotz, the Township, and O'Grady from barring Representative Rita from attending the Village's 2023 NNOAC event in his official capacity. (Dkt. #4). As Representative Rita's counsel explained at the TRO hearing, attendance in Representative Rita's official capacity entailed the ability to bring a table to the event (equipped with a banner displaying Representative Rita's name and official title) in order to meaningfully interact with his constituents and to show his office's support for the event. (Dkt. #24, Ex. A, at 6:4-16). Village Police Chief Matthew Walsh ("Chief Walsh"), however, expressly informed Representative Rita—after previously telling Representative Rita that he was *approved* to attend and *could* bring a table—that his attendance request was being denied because event organizers wanted to "refrain from any politics." (Dkt. #4). Chief Walsh had originally approved Representative Rita's attendance, but was subsequently told by Glotz to rescind that approval. (*See* Declaration of Matthew Walsh, attached as Exhibit A, ¶¶ 6-7).

Subsequently, another elected official was granted permission to attend and bring a table: State Senator Michael Hastings. As set forth in Senator Hastings' affidavit attached as Exhibit B, Senator Hastings conducted a phone call with Village Administrator Carr on July 28, 2023, the same day as the TRO hearing, wherein Carr told Senator Hastings that he could attend the NNOAC event in his official capacity. (Ex. B, ¶¶ 5-6). Further, Senator Hastings sent a follow-up email the

same day to Chief Walsh (with Carr copied) confirming his intent to attend NNOAC in his official capacity. (Ex. B, at Ex. 1).

At the July 28, 2023 TRO hearing, only hours after Senator Hastings' phone call and email to Mr. Carr and Chief Walsh, the Village seemingly forgot this exchange. Specifically, counsel for the Village expressly told the Court that no other politicians were being permitted to attend in their official capacities by "setting up booths or doing anything like that." (Dkt. #24, Ex. A, at 9:9-12). Though multiple Village representatives were on the line for the TRO hearing, including Carr, none chimed in to correct the misstatement. The Court ultimately denied Representative Rita's TRO. (Dkt. #11).

Just four days after the TRO hearing, Representative Rita attended the 2023 NNOAC event and observed that Senator Hastings and one other elected official—Commissioner Rubino—were present in their official capacities and had set up tables and/or booths. (Dkt. #24, at Ex. B, ¶¶ 4-5). Representative Rita therefore filed his Motion for Rule to Show Cause against the Village, seeking to impose sanctions against the Village for permitting its counsel to make false representations of fact to the Court at the TRO hearing, which statements ultimately contributed to the denial of his TRO. (Dkt. #24).

The Village filed its response in opposition to the Motion for Rule to Show Cause on October 19, 2023. (Dkt. #28). By its response, the Village argues that it was not aware that Senator Hastings or Commissioner Rubino had planned to attend the NNOAC event in their official capacities as elected officials, and that their attendance in this capacity must have been some kind of stunt organized by Representative Rita. (*Id.*). This was not so, and the Village's averments are refuted by Senator Hastings' affidavit setting forth his communications with Village Administrator Carr, and by Representative Rita's supplemental affidavit stating that he had no communications

4

with either Senator Hastings or Commissioner Rubino directing either of them to bring a table or booth to NNOAC. (*See* Representative Rita's supplemental affidavit is attached as Exhibit C, ¶ 4).

The Village further contends that even if its representations at the TRO hearing were false, a rule to show cause cannot issue under these circumstances because the misrepresentations were delivered orally at the TRO hearing rather than in a written filing. (Dkt. #28, pgs. 6-7). This argument is also incorrect and should be rejected because the Village (particularly Administrator Carr, who had communicated with Senator Hastings directly) had a duty to notify its counsel of the false statement or to otherwise correct that misstatement after the fact, regardless of what format it was communicated to the Court.

Finally, the Village calls Representative Rita an "agitator in south suburban politics" on account of the fact that Defendant O'Grady recently accused Representative Rita of assault. (Dkt. #28, pg. 1). A cursory review of the actual police report materials documenting that incident, however, reveals anything but an assault and instead describes how Representative Rita *merely shook O'Grady's hand* at a golf club one evening. (A copy of the Order Park Police Department's case report is attached as Exhibit D).[2] The Court should ignore the Village's blustering and see this accusation for what it truly is: an irrelevant and politically charged false accusation meant to distract from the Village's own misconduct.

---

[2] The Orland Park Police Department, upon their investigation into the alleged incident, determined that it was unfounded and there is "no indication that an assault occurred." (Ex. D, pg. 7). The detective who authored the case report further stated, "I asked Paul [O'Grady] if he would like me to contact Robert [Rita] and request all communications cease between them and he stated he did not want me to do so and would address this at their next court date." (*Id*. at pg. 7). Clearly, this was simply a stunt performed for the purpose of this litigation, not to mention a misuse of police resources and taxpayer money.

5

# ARGUMENT

## I. The Village Approved Senator Hastings' NNOAC Attendance before the TRO Hearing Commenced.

Counsel for the Village communicated to the Court at the July 28, 2023 TRO hearing that the Village had not given permission to any politicians or elected officials to attend NNOAC in their official capacities by bringing tables and/or booths to the event, and that the Village was not aware of any politicians planning to do so. (Dkt. #24, at Ex. A, 9:9-12, 12:10-12). By its response, the Village doubles down on this representation by attaching the affidavits of Glotz and Carr, which aver that neither of them had any knowledge that either Senator Hastings or Commissioner Rubino had planned to or requested to participate in their official capacities by bringing tables. Both affidavits are contradicted, however, by Senator Hastings' email to Carr and Chief Walsh on July 28, 2023, only several hours before the TRO hearing commenced. (Ex. C, at Ex. 1). That email clearly communicates to Carr that Senator Hastings planned and intended to attend NNOAC in his official capacity. Senator Hastings' approval is further evidenced by the fact that he was presented with the 2023 National Night Out Community Service Award at NNOAC, which was even signed by Glotz and Chief Walsh personally. (Ex. C, at Ex. 2).

Moreover, the fact that Carr attended the July 28, 2023 TRO hearing by telephone (as he alleges in his affidavit) further warrants entry of a rule to show cause. When the Village's counsel represented to the Court that no politicians were bringing tables to the event, Carr had the affirmative duty to inform the Village's counsel so that this misrepresentation would not taint the Court's decision. Clearly, Carr was content to let the misrepresentation stand, and the Court should enter a rule to show cause against the Village as a result.

## II. The Village did not Afford Representative Rita the same Rights Given to Other Politicians, as it Represented it Would.

In arguing that its statements during the July 28, 2023 TRO hearing were truthful, the Village focuses almost exclusively on its counsel's statement that other elected officials were not setting up tables or booths at the NNOAC event. Even if the Village was unaware of any plans to bring tables or booths, this argument ignores the fact that counsel also represented that Representative Rita "would have the same rights to engage in political speech as any elected official that chose to attend[.]" (Dkt. #24, at Ex. A, at 12:10-12). At the time this statement was made, Representative Rita had requested permission to attend the NNOAC event in his official capacity and to bring a table to set up at the event. His request was rejected by Village Police Chief Walsh.

Senator Hastings, on the other hand, made the same request and was ultimately allowed to attend in his official capacity and set up a table. Clearly, one elected official (*i.e.*, Senator Hastings) was permitted to attend and bring a table, while another elected official (*i.e.*, Representative Rita) was denied that same opportunity. The Village knew this was the case at the time that its counsel stated that Representative Rita would have the same rights as other public officials, but failed to intervene to correct the misrepresentation. A rule to show cause may therefore still issue.

## III. Commissioner Rubino Attended in his Capacity as an Elected Official and Representative Rita did not Direct him to do so.

In its response, the Village argues that because Commissioner Rubino is Representative Rita's son-in-law, his attendance at the NNOAC event in his official capacity as Orland Township Highway Commissioner and his setting up a table could only have occurred as a result of Representative Rita's explicit direction. This is pure fiction and conspiracy. Representative Rita did not direct Mr. Rubino to attend NNOAC or to set up a table. (Ex. C, ¶ 4; *see also* Declaration

of Antonio Rubino, attached as <u>Exhibit E</u>, ¶ 5). Rather, Mr. Rubino—a prior attendee at NNOAC—signed up to attend with the Village on his own volition in order to voice his support for local law enforcement and first responders. (*Id.*, at ¶ 5). The Village's insinuation is (again) unsupported.

**IV.   The Court May Issue a Rule to Show Cause for Misrepresentations made at the TRO Hearing.**

Finally, the Village contends that even if its statements at the July 28, 2023 TRO hearing were false or should have been corrected, a rule to show cause cannot issue for misstatements made orally at a motion hearing. The Village is incorrect, as a party's misrepresentation of a material fact is sanctionable whether raised in a written filing or orally. *See generally, Chambers v. Nasco*, 501 U.S. 32 (1991); *Dou v. Carillon Tower/Chicago LP*, No. 18 CV 7865, 2023 WL 3995560, at *4 (N.D. Ill. Apr. 7, 2023). The fact that counsel explicitly represented that the Village was unaware of other politicians bringing tables or otherwise planning to attend in their official capacities (with Carr on the line and having learned of Senator Hastings' attendance intentions only a few hours prior) renders the Village's conduct sanctionable. The same can be said of the representation that Representative Rita would be afforded the same attendance rights as other elected officials. These statements were false, and further, were known to be false by the Village representatives attending the TRO hearing by phone. The failure to correct the record warrants the entry of a rule to show cause against the Village.

WHEREFORE, Plaintiff, Representative Rita, respectfully requests this Court grant his Motion for Rule to Show Cause, issue a show cause order, hold Defendant, the Village of Tinley Park, in contempt for permitting the event to proceed in a way completely contrary to how it was represented to this Court just days before, award Representative Rita his attorneys' fees, and grant him such other and further relief as this Court deems just.

Date: November 9, 2023                             Respectfully submitted,

                                                   ROBERT RITA,

                                                   By: *Nancy DePodesta*
                                                       One of His Attorneys

Nancy DePodesta (nancy.depodesta@saul.com)
George P. Apostolides (george.apostolides@saul.com)
Thomas A. Laser (tom.laser@saul.com)
Saul Ewing LLP
161 N. Clark St., Ste. 4200
Chicago, Illinois 60601
Phone: (312) 876-7100

*Counsel for Plaintiff*

51248168.2

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused the foregoing document to be served on all counsel of record via the Court's CM/ECF system

*/s/ Thomas A. Laser*
One of his Attorneys
