IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RITA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE VILLAGE OF TINLEY PARK, an Illinois Municipal Body, & MICHAEL GLOTZ, an individual,<br><br>*Defendants*. | Case No. 1-23-cv-04931<br><br>Judge John J. Tharpe, Jr.<br><br>Magistrate Judge Heather K. McShain |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
TO EXTEND THE DEADLINE TO ISSUE DEPOSITION NOTICES**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Robert Rita ("Representative Rita" or "Plaintiff"), by and through undersigned counsel, respectfully requests that this Court enter an order compelling Defendants the Village of Tinley Park (the "Village") and Michael Glotz ("Glotz") (collectively, "Defendants") to respond to Plaintiff's First Set of Discovery Requests (the "Requests"), which were served on December 23, 2024. As of today's date, Defendants have not responded to or provided any information or documents relevant to these Requests. Accordingly, Plaintiff requests that this Court grant Plaintiff's Motion to Compel Discovery (the "Motion") and require Defendants to fully and completely respond to the Requests within 5 days.

**RELEVANT BACKGROUND**

Representative Rita's First Amended Complaint asserts, in relevant part, that Defendants violated his First Amendment and Equal Protection rights by barring his speech at public events

while permitting the speech of other public figures, thereby limiting Plaintiff's visibility in the community and effectively blocking his access to his constituents. (Dkt. 42.) On December 3, 2024, this Court adopted the parties' jointly proposed and intentionally fast-paced discovery schedule, which includes deadlines to issue initial disclosures by December 12, 2024; initial written discovery by December 23, 2024; and deposition notices by March 7, 2025. (Dkt. 83.)

Defendants have blown every deadline that has passed on this schedule, as well as nearly every extension that they have been afforded. First, though Plaintiff served his initial disclosures on December 12, 2024, Defendants did not serve initial disclosures until December 24, 2024. Even without the benefit of Defendants' initial disclosures, Plaintiff timely served his initial Requests, including interrogatories and requests for production, on December 23, 2024, with Defendants' responses due thirty days later on January 22, 2025. Defendants did not serve written discovery by this deadline. Nor did Defendants meet the January 22 deadline to respond to Plaintiff's Requests.

On January 24, Plaintiff's counsel emailed Defendants to ask about the outstanding discovery. The email, a true and accurate copy of which is in the email exchange attached as **Exhibit A**, reads: "Defendants' discovery responses were due two days ago and we have neither received the responses nor received any request for an extension of time to respond. Please advise when defendants will provide their responses." (Ex. A, at 6.) On January 27, Defendants' counsel responded that he was busy with other matters and that he needed an additional one week to issue Defendants' discovery and two weeks to produce the outstanding discovery responses. (Ex. A, at 5.)

Plaintiff agreed to the extensions. (*Id.* at 4.) Accordingly, in the parties' joint status report filed on January 31, 2025: (i) the parties reported that Defendants had not yet served their own, or responded to Plaintiff's, discovery; (ii) the parties represented that Defendants would issue their

2

responses by February 7, 2025; and (iii) Defendants requested (and Plaintiff did not oppose) to have until February 5, 2025, to issue their discovery requests. (Dkt. 84.) This Court adopted the extended discovery deadlines. (Dkt. 86.) In doing so, this Court admonished Defendants for requesting an extension of a court-ordered deadline without "a formal motion establishing good cause for the extension" and for failing to "explain why defendants waited over a month after the deadline passed to seek an extension." (*Id.*)

Defendants served written discovery on February 5, 2025, but failed to supply its responses to Plaintiff's Requests on February 7. Instead, Defendants' counsel asked for a short extension until February 10, 2025, because the Village was "rolling out a new financial system and new community development system on Tuesday or Wednesday, so the IT department has been predisposed." Defendants promised to "get everything to you in the evening" of February 10. (Ex. A at 3.) Defendants failed to produce anything on Monday, February 10.

On February 12, Plaintiff followed up by email, stating "We need a date certain this week when we'll receive the overdue discovery." (*Id.*) Defendants replied two days later that they again needed more time: They received 3,000 documents responsive to Plaintiff's Requests that need to be reviewed before production, and Defendants' counsel was tied up because he had a trial on three of the five days that week, and his son had a national hockey championship that coming weekend. (*Id.* at 2–3.) Plaintiff responded the same day: "Understood. Enjoy your weekend with your son, but please let us know when we can expect the discovery." (*Id.* at 2.)

The next week passed without Defendants submitting either their discovery responses or a date by which the responses could be expected. On February 21, Plaintiff emailed Defendants demanding their "availability next week to meet and confer regarding these long overdue

3

discovery responses." (*Id.* at 2.) Receiving no response, on Tuesday February 25, Plaintiff called and left a voicemail with Defendants' counsel, and then followed up by email asking for availability to meet and confer. A true and correct copy of this follow up email is attached as **Exhibit B**. Defendants' counsel replied by email that his trial duties were coming to a close and that producing "the discovery responses is the next thing on my list." (Ex . A at 1.) Unsatisfied, Plaintiff responded on Friday, February 28, by stating, "We've been very accommodating of your trial and travel schedule, but it's frankly unacceptable that we've received nothing but a series of broken promises from you since the discovery responses were due more than a month ago. As I requested on 2/21 and again on 2/25, please let me know your availability to meet and confer this afternoon or on Monday regarding the overdue discovery." (*Id.*)

On Tuesday, March 4, Defendants represented over the phone that they would produce documents that day and answers by March 5. They did not.

On March 7—the date Plaintiffs' discovery responses were due, Plaintiff asked for his first and only 14-day extension, until March 21, to serve his responses. Plaintiff also noted that, "[s]ince we haven't received even written responses to [Defendants'] discovery responses, we do not believe it would be feasible to issue deposition notices at this time. So, under the circumstances, I assume we can mutually agree that the parties can agree to issue deposition notices before we need to submit a joint status report on 4/1." A true and correct copy of this email is included as **Exhibit C**.

Defendant did not respond. Even so, on the date promised of March 21, Plaintiff served his written responses to Defendants' discovery requests, with the document production to follow as soon as a protective order is entered in this case. A true and correct copy of this email service is included in the email exchange attached as **Exhibit D**. (Ex. D at 3.) Two days later, Plaintiff again

4

demanded that Defendants' counsel share his "availability on Monday or Tuesday to meet and confer over Zoom regarding Defendants' long-overdue discovery responses." (*Id.*) Defendants did not respond. On March 26, Plaintiff left Defendants a voice mail, which went unreturned. Plaintiff also emailed Defendants that day, asking to confer about discovery and inquire whether Defendants would agree to entry of this Court's model protective order. (*Id.* at 2.) Defendants' counsel responded via email, promising to respond that afternoon. (*Id.* at 1-2.) He did not. (*Id.*) Plaintiffs' counsel demanded a final time on March 27 that Defendants' counsel provide a time that day when he could confer on discovery. (*Id.* at 1.) Defendants' counsel did not reply.

Following these more than thirteen weeks of Defendants' delay, excuses, and eventual silence, and of Plaintiff's repeated efforts to reasonably confer about the outstanding discovery, Plaintiff has no choice but to now seek this Court's intervention to ensure this case is adjudicated swiftly and that Defendants comply with their obligations under the Federal Rules.

## LEGAL STANDARD

Parties may obtain discovery on relevant, non-privileged matters that are proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), responses to interrogatories and requests for production are due in writing within 30 days after being served. When a party does not respond in that time, the discovering party may file a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B). *Cent. States v. Conaway*, No. 91 C 485, 1991 WL 140918, at *2 (N.D. Ill. July 22, 1991).

If a motion compelling discovery under Fed. R. Civ. P. 37(a)(3)(B) is granted, or the requested discovery is provided after the motion is filed, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999).

## ARGUMENT

Defendants have continuously failed to comply with Federal Rule Civil Procedure 33(b)(2) and 34(b)(2)(A) by not producing within 30 days the responses to Plaintiff's discovery requests that were served more than thirteen weeks ago on December 23, 2024. In the past several months since Defendants' responses were due, Defendants' counsel has made repeated empty promises to provide the responses. To date, Defendants have missed the initial deadline to respond to Plaintiff's discovery; missed the three extended deadlines to so respond; ignored each of Plaintiff's five demands to meet and confer on the issue—including by video conference (*see* Attorney Murphy's Certificate of Compliance, filed separately); and generally obfuscated and delayed the discovery schedule by offering vague promises to respond without providing a date certain. Accordingly, and despite Plaintiff's good-faith efforts to resolve these issues without motion practice, Plaintiff has no choice but to bring this issue to the attention of the Court and request that the Court grant this motion to compel.

Further, Defendants' clear violation of the Federal Rules has caused Plaintiff to incur additional and unnecessary expenses by having to inquire repeatedly about the timeline of Defendants' responses, meet and confer, and bring this motion. Moreover, Defendants' delay in

6

producing discovery has left Plaintiff without any information from which it could strategically select individuals for deposition or prepare for such depositions. Accordingly, Plaintiffs respectfully move for an extension of the deadline to issue deposition notices until a date that is 30 days after Defendants' discovery responses.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's motion and enter an Order compelling Defendants to: (i) produce within 5 days responsive, relevant documents pursuant to the Requests Plaintiff issued on December 23, 2024; (ii) grant Plaintiff its request for the reasonable expenses incurred in bringing this Motion; (iii) grant Plaintiff leave to file its fee petition in furtherance of the award; (iv) extend the deadline to issue deposition notices in this case until a date that is 30 days after Defendants' discovery responses are due; and (v) grant all other relief this Court deems appropriate.

Dated: March 28, 2025

Respectfully submitted,

**ROBERT RITA**,

By: */s/ Andrew S. Murphy*
One of Plaintiff's Counsel

Nancy DePodesta
ndepodesta@taftlaw.com
Andrew S. Murphy
amuprhy@taftlaw.com
Julie C. Ratliff
jratliff@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, #2600
Chicago, Illinois 60601-4208
Telephone: (312) 836-4145
Facsimile: (312) 527-4000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was filed on March 28, 2025 with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

                                                              */s/ Andrew S. Murphy*